### WATTS *v.* KNEVALS *et al.*

(*Superior Court of New York City, General Term.* October 25, 1888.)

1. DISCOVERY—TO ENABLE DEFENDANTS TO ANSWER.

    On motion that plaintiff be required to deposit with the clerk the agreement on which his cause of action is based, for the purpose of enabling defendants to frame an answer, where the principal defendant's affidavit alleges that he never made the agreement, a discovery will be denied, as the answer can be made without it.

2. SAME—VACATION OF ORDER.

    Where it appears from the affidavits that plaintiff has not the control or possession of the agreement, it is proper, under Code Civil Proc. N. Y. § 806, so providing, for the judge who granted a discovery to vacate the order.

Appeal from special term.

Action by James R. Watts against Caleb B. Knevals, trustee, and others, to recover damages for breach of a written agreement alleged to have been made by defendant as trustee for himself and others with the firm of Caldwell, Weston & Co., of which firm plaintiff was the successor, in regard to the disposal to said firm of the entire output of the "Primrose Colliery," con-

trolled by the defendants. An order requiring plaintiff to deposit with the clerk the agreement on which the action was based, was vacated by the court. On the motion the allegation of plaintiff alleged that plaintiff had not seen the instrument referred to since 1885; that he had not had it in his possession or under his control; and that it was not then in his possession or control; and that plaintiff, at the time of making the affidavit, did not have it in his possession or under his control, and he did not know where it was. From the order vacating said order defendants appeal.

Argued before SEDGWICK, C. J., and TRUAX and INGRAHAM, JJ.

*James W. Perry,* for appellants. *Goodrich, Deady & Goodrich,* for respondent.

PER CURIAM. The application for the discovery was professed to be made for the purpose of enabling the defendant to frame an answer. The affidavit of the principal defendant shows that the answer can be made without a discovery, for he avers that the agreement, or alleged agreement, asked to be discovered, was never made by him. Whether or not there should be relief after issue joined is not before the court. Further, the court below was right in setting aside the order upon its finding, from the affidavits, that the plaintiff had not the possession or control of the instrument in question. Code Civil Proc. § 806. The proof on this subject was of such a nature that the conclusion of the court below, as to the fact, cannot be reversed. The order should be affirmed, with $10 costs, and disbursements to be taxed.